UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY LEON FORD, | Case No. 09-C-6851 |
| Plaintiff, | Hon. Blanche M. Manning |
| vs. | |
| POLICE OFFICER TASHA BELL AND POLICE OFFICER JOSEPH CARAGA, | |
| Defendants. | |

# FOURTH AMENDED COMPLAINT

Plaintiff Bobby Leon Ford, by and through his counsel, hereby states as follows:

1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured by the United States Constitution and the laws of the United States. Defendants Tasha Bell and Joseph Caraga, while acting as police officers for the City of Chicago, County of Cook, State of Illinois, made an arrest of Plaintiff without probable cause, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. The Court has jurisdiction of this action under 42 U.S.C. § 1983 and under 28 U.S.C. § 1343.

3. Plaintiff is a citizen and resident of the State of Illinois and a citizen of the United States.

4. Defendant Tasha Bell was, at all times material to this Complaint, a duly appointed police officer of the City of Chicago. At all times material to this Complaint,

Defendant Bell acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

5. Defendant Joseph Caraga was, at all times material to this Complaint, a probationary police officer of the City of Chicago. At all times material to this Complaint, Defendant Caraga acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

### June 19, 2009

6. On June 19, 2009 at approximately 1:30 a.m., Plaintiff was leaving work at the Italian Fiesta Pizza Restaurant heading down Halsted Street, when he saw Mr. Bruce Love at the 76th Street stoplight. Mr. Love came over to Plaintiff's van and asked if Plaintiff could take him to his girlfriend's house to use the bathroom.

7. On the way there, Plaintiff and Mr. Love discussed why Plaintiff had evicted Mr. Love from Plaintiff's apartment two weeks earlier due to Mr. Love failing to pay his part of the rent. Plaintiff assured Mr. Love he could get his property from the apartment as soon as Mr. Love could get a ride. Upon arrival at Mr. Love's girlfriend's house, Mr. Love exited the van and took more than thirty minutes to return. When Mr. Love returned, Plaintiff cursed at Mr. Love for taking so long. This caused an argument and a fight involving Mr. Love's girlfriend and Plaintiff. The family of Mr. Love's girlfriend joined in and struck Plaintiff causing a six-on-one fight while Mr. Love sat in the van doing nothing.

8. Plaintiff got back in the van and drove a few blocks telling Mr. Love to get out. Mr. Love refused. So, Plaintiff drove home telling Mr. Love to get his stuff out of Plaintiff's apartment that night. Mr. Love refused to get out of Plaintiff's van again, and Mr. Love called

the police fabricating a fight between Plaintiff and Mr. Love. Mr. Love hung up his cell phone and scratched himself on the neck.

9. When Defendants Bell and Caraga arrived at Plaintiff's address at 7356 South Dorchester Street, both Plaintiff and Mr. Love exited the van and walked over to them.

10. Plaintiff clearly reported to Defendants Bell and Caraga the fight between Plaintiff and Mr. Love's girlfriend and her family. He also clearly reported to the Officers how Mr. Love subsequently refused to get out of Plaintiff's van and how Mr. Love scratched himself to frame Plaintiff as revenge for Plaintiff's demand that Mr. Love remove his property from Plaintiff's apartment.

11. Plaintiff pleaded with Defendants Bell and Caraga to investigate Plaintiff's account of the events, but Defendants Bell and Caraga refused.

12. Plaintiff asked Defendants Bell and Caraga to look under his fingernails and to see that Plaintiff had not scratched Mr. Love, but Defendants Bell and Caraga refused.

13. Defendants Bell and Caraga arrested Plaintiff for domestic battery. Defendants Bell and Caraga wrote in the arrest report that Mr. Love was Plaintiff's boyfriend, and that Plaintiff had scratched Mr. Love in a domestic dispute. The report stated that Plaintiff was unarmed.

14. Plaintiff was arrested without being read his Miranda rights.

15. Defendants Bell and Caraga forced Plaintiff to turn over his cell phone, door keys, wallet, identification, watch, and jewelry. Defendant Caraga put these items in Plaintiff's van over Plaintiff's objections, thereby allowing Mr. Love subsequently to break into Plaintiff's van, steal the items, and get into Plaintiff's apartment. Neighbors informed Plaintiff that Mr. Love

broke the windows to Plaintiff's van and truck and slashed the tires to both vehicles, then robbed Plaintiff's apartment.

16. As a result of the arrest, Plaintiff was incarcerated for 46 days pending a parole board hearing and lost many of his possessions, his job, his apartment, and his freedom.

17. Mr. Love did not press charges against Plaintiff. On July 6, 2009, all charges against Plaintiff were dismissed, yet Plaintiff was immediately placed on a parole hold and thus remained incarcerated in order for the parole hearing board to decide whether the fact that Defendants arrested Plaintiff for domestic battery constituted a parole violation. The parole board held a hearing on August 4, 2009, and released Plaintiff on parole on August 5, 2009.

18. Plaintiff's life was maliciously destroyed by Defendants, and Plaintiff continues to suffer an ongoing loss of his livelihood, dignity, job, van, truck, and other material possessions.

## COUNT I – FALSE ARREST UNDER 42 U.S.C. § 1983

19. Plaintiff alleges and realleges Paragraphs 1 through 18 as Paragraphs 1 through 18 of this Count, with the same force and effect as if fully set forth herein.

20. By means of Plaintiff's arrest for domestic battery without a warrant and without probable cause on June 19, 2009, Defendants deprived Plaintiff of his right to be free from unreasonable seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Bobby Leon Ford demands judgment against Defendants Bell and Caraga, jointly and severally, for compensatory damages in an amount to be determined at trial and further demands judgment against each of said Defendants, jointly and severally, for

punitive damages in an amount to be determined at trial, plus the costs of this action and such other relief as the Court deems just and equitable.

Respectfully submitted,

By: /s/ Laura Day Rottenborn
Gerard D. Kelly
Kristen R. Seeger
Laura Day Rottenborn
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Dated:  October 27, 2011

*Attorneys for Plaintiff*
