# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6851 | **DATE** | March 12, 2012 |
| **CASE TITLE** | *Ford v. Bell* | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, the motion to dismiss [97-1] is denied.

■[ For further details see text below.]

00:00

## STATEMENT

Defendant Chicago Police Officer Joseph Carraga moves to dismiss the plaintiff Bobby Ford's § 1983 false arrest claim against him on the ground that it is barred by the statute of limitations. For the reasons stated herein, the motion is denied.

Proceeding pro se, Bobby Ford submitted a complaint on October 30, 2009, against Chicago Police Department Officer Bell and "her John Doe partner," among others. According to Ford's allegations, he was falsely arrested, among other things, by Bell and her partner, on June 19, 2009, after a dispute with a former roommate. After granting Ford's motion to proceed in forma pauperis on November 13, 2009, the court dismissed Ford's complaint without prejudice due to misjoined claims and defendants. After several missteps, Ford finally submitted a third amended complaint, again pro se, which addressed the court's earlier bases for dismissal. Accordingly, the court reinstated the case on March 18, 2010, with the third amended complaint, which at this point named only the City of Chicago, Officer Bell and "Her Chicago Police Dept. Partner John Doe." After additional proceedings, including discovery, which has now been closed, the court appointed counsel to represent Ford on August 30, 2011. On October 27, 2011, appointed counsel filed a fourth amended complaint on behalf of Ford and, for the first time, named Officer Carraga as a defendant.

Illinois' two-year statute of limitations for personal injury claims applies to Ford's § 1983 claim. *Wade v. Collier*, No. 10 C 6876, 2011 WL 832240, at *1 (N.D. Ill. Mar. 3, 2011). Therefore, Carraga contends, because he was not named as a defendant until October 27, 2011, more than two years after June 19, 2009, when the conduct at issue occurred, the false arrest claim against him must be dismissed as untimely. Ford responds that the amendment relates back to the original pleading under Fed. R. Civ. P. 15(c), and therefore, the claims against Carraga are timely. Specifically, Ford contends that he should be allowed to amend because (1) the original complaint did not just name John Doe generally but specifically identified the

**STATEMENT**

John Doe as "[Officer Bell's] Chicago Police Dept. Partner John Doe" and (2) once Ford learned the partner's name, he identified Carraga by name in several different filings, including his motion for summary judgment, all prior to the running of the statute of limitations period.

Without opining on whether the amended complaint relates back to the original complaint, the court concludes that the statute of limitations should be equitably tolled. "The doctrine of equitable tolling 'permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.'" *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561 (7th Cir. 1996).

As the Seventh Circuit has noted, "[n]ot only is the district court to view the pro se complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Id*. at 555. Moreover,

> [n]umerous cases in this and other circuits have established that, when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.

*Id*. (footnote with numerous citations omitted). Assistance by the court to a pro se plaintiff might include "providing counsel for the limited purpose of amending the complaint" or "dismissing the complaint without prejudice and providing a list of defects in the complaint." *Id*. at 556.

In the instant case, the plaintiff asked on numerous occasions for appointment of counsel. The court, however, believing that Ford was capable of proceeding on his own with some direction from the court, denied his requests for appointment of counsel. Instead, it issued minute orders describing certain defects in the complaint and directing Ford to fix those defects in an amended complaint. *See* Dkts. 4, 11, 17. None of these orders addressed the John Doe defendant and related stature of limitations issue.

One of the factors that may justify application of the equitable tolling doctrine is that "'the court has led the plaintiff to believe that []he had done everything required of h[im.]'" *Id*. at 562 (citation omitted) (alteration added). By detailing the other defects to the exclusion of identifying the need to amend the complaint to name Carraga, the court may have led Ford to believe that amendment was unnecessary. This is particularly true since it was clear to all that Ford knew the identity of Carraga as he named him in the body of court filings and deposed him. But, it was only after the court appointed counsel, after the limitations period had run, that the error apparently became known to Ford's counsel. In retrospect, the court acknowledges that it could have appointed counsel earlier given Ford's struggles to properly litigate the case.

In addition, the court notes that when it finally accepted Ford's third amended complaint for filing, it directed only that defendant Officer Bell be served and failed to instruct Ford that service would not be ordered as to the unnamed John Doe defendant until his identity was established. This failure by the court may have further misled Ford into thinking that amendment was unnecessary.

When deciding whether to apply equitable tolling, "[c]onsiderations weighing in favor of equitable

**STATEMENT**

tolling must be balanced against the possibility of prejudice to the defendants occasioned by the delay." *Id.* at 562. Here, Carraga clearly knew or should have known that he was an intended defendant in this case. Ford expressly named Carraga in the text of Ford's second motion for summary judgment, which was filed before the statute of limitations deadline, and Carraga was deposed by Ford, also before the statute of limitations ran. Carraga is represented by the same attorney who has represented Officer Bell since the initiation of this lawsuit and each of the plaintiff's several complaints named "Officer Bell's Chicago Police Department Partner John Doe" as a defendant. This same counsel also represented Carraga at his deposition by the plaintiff. Counsel, and therefore Carraga, knew or should have known that Ford intended to sue him from the day this lawsuit began. For Carraga to assert otherwise, *see* Reply at 4, is entirely disingenuous. The court can discern no prejudice to Carraga, in terms of the delay, in tolling the statute of limitations.

For these reasons, the motion to dismiss is denied.

Case: 1:09-cv-06851 Document #: 102 Filed: 03/12/12 Page 3 of 3 PageID #:356