# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 6851 | DATE | April 24, 2012 |
| CASE TITLE | *Ford v. Bell, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the parties' motions in limine are granted and denied as detailed below. Specifically, the plaintiff's motions in limine [114-1] are ruled on as follows: motion in limine number (1) is granted, motion in limine number (2) is granted in part and denied in part and motion in limine number (3) is granted. The defendants' motions in limine (1) [105-1], (2) [106-1], and (4) [108-1] are granted. The defendants' motions in limine (3) [107-1], (6) [110-1], (7) [111-1], and (9) [113-1] are denied. The defendants' motions in limine (5) [109-1] and (8) [112-1] are denied in part and granted in part.

■[ For further details see text below.]

00:00

## STATEMENT

Evidence should be excluded on a motion in limine "only when evidence is clearly inadmissible on all potential grounds .... [and][u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial...." *See Steck v. Bimba Mfg Co.*, 96 C 7442, 1997 WL 685003, at *1 (N.D. Ill. Oct. 30, 1997) (citation omitted). The denial of a motion in limine does not mean that the evidence is necessarily admissible, rather, it means only that the party moving in limine has not demonstrated that there is no possible basis for the admission of the evidence. *Holmes v. Sood*, No. 02 C 7266, 2006 WL 1988716, at *1 (N.D. Ill. July 12, 2006). *See also Alexander v. Mt. Sinai Hosp. Med. Center of Chicago*, No. 00 C 2907, 2005 WL 3710369 at *2 (N.D. Ill. Jan. 14, 2005). Further, the denial of a motion in limine does not preclude a party from objecting to the admission of any evidence at trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("a ruling [on motion in limine is] subject to change based upon the court's exposure to the evidence at trial"). Keeping in mind these observations, the court addresses the parties' motions in limine in turn.

Plaintiff's Motions in Limine

The plaintiff, Bobby Ford, moves in limine to (1) exclude evidence regarding his prior lawsuits; (2) exclude evidence regarding his criminal record; and (3) preclude the defendants from testifying or appearing in court while wearing their uniforms.

As for the plaintiff's motion in limine number (1), the defendants state that they do not intend to offer any evidence of the plaintiff's prior civil lawsuits as long as the plaintiff does not raise the issue himself. Accordingly, the motion is granted.

**STATEMENT**

In his second motion in limine, the plaintiff asks the court to bar evidence regarding his prior criminal record. With respect to the offenses over 10 years old, the defendants assert that they do not intend to offer evidence of those convictions. Thus, the motion is granted with respect to those convictions. According to the plaintiff's criminal record, then, which he attached to his motion in limine, the only convictions at issue are a 2004 conviction for robbery, a 2010 conviction for retail theft and a 2011 conviction for possession of contraband in a penal institution. Under Fed. R. of Evid. 609(a),

> [t]he following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant . . . .

Fed. R. Evid. 609(a)(1)(A). Thus, Rule 609 provides that the aforementioned felony convictions "must be admitted" for impeachment purposes subject to Rule 403 considerations. Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The plaintiff contends that the prejudicial effect of his criminal record substantially outweighs any probative value in the instant case, which deals with his alleged false arrest for domestic battery. According to the plaintiff, "[i]f the jurors are informed of Mr. Ford's past convictions, their judgment of Mr. Ford may be skewed in a manner that impedes their ability to adjudicate this case fairly." The plaintiff also argues that his prior convictions offer little impeachment value and instead present the risk of the jury viewing the plaintiff as a "bad person."

As noted by the Seventh Circuit, "[t]he rationale for . . . allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). As to the plaintiff's concern that disclosure of the prior crimes would result in the jury viewing him as a "bad" person, the defendants point out that, "if . . . [the fear of diminishing a witness' credibility] were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1)." *Hillard v. City of Chicago, Ill.*, 09 C 2017, 2010 WL 1664941 (N.D. Ill. Apr. 23, 2010) (*quoting Coles v. City of Chicago,* No. 02 C 9246, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005) (citation omitted)). The plaintiff has not pointed to any particular prejudice that would result in this case versus any other in which a prior felony conviction is disclosed to the jury under Rule 609(a). While the plaintiff argues that the "defendants have not shown any facts about plaintiff's robbery or retail theft convictions that make them particularly probative of plaintiff's credibility," Reply at 3, Dkt. #122, the rule does not require them to make such a showing. As already noted, Rule 609(a)(1)(A) requires the admission of prior felony conviction only subject to Rule 403. It does not require the defendants to demonstrate that the crimes are particularly probative of his credibility.

Moreover, the defendants correctly note that, aside from credibility, the issue of the plaintiff's prior convictions will necessarily come up during the plaintiff's expected testimony regarding why he believes the officers arrested him (*i.e.*, to violate his parole) and the basis for the amount of damages he seeks. To the extent that the plaintiff raises these issues in his testimony, evidence of his prior convictions, including dates

and durations of imprisonment, is relevant.

Nevertheless, "courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992). In that vein, courts may "permit the 'sanitization' of prior-crimes evidence used to impeach" by "concealing the nature or name of the crime." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). Thus, the court will allow the defendant to refer to the plaintiff's three prior convictions generally (including dates and durations of imprisonment and relevant parole information) without specifically mentioning what those crimes were. Accordingly, this aspect of the plaintiff's second motion is granted in part and denied in part.

In his final motion in limine, the plaintiff asks the court to direct the defendant officers not to wear their uniforms in court. The defendants do not object with the qualification that if the defendants must be in uniform at time of trial due to the upcoming NATO summit, then the uniform issue be permitted to be revisited. In response, the plaintiff suggests that, if necessary, the officers bring a change of civilian clothes to change into while they are in court. This is a reasonable suggestion. Accordingly, the plaintiff's motion to have the officers not wear their uniforms in court is granted but the defendants may raise the issue again before trial should circumstances change.

Defendants' Motions in Limine

The defendants move in limine to (1) bar any testimony or argument regarding other events of police misconduct; (2) exclude all witnesses (except the parties) other than during their testimony; (3) exclude any reference to any internal investigation that was conducted in this case as well as reference to other disciplinary matters or cases against the defendants; (4) bar any reference to the City of Chicago's procedures to train, monitor or control police officers; (5) exclude any reference to a "code of silence" or "blue wall of silence" among police officers; (6) bar any testimony regarding the plaintiff's alleged lost earnings; (7) bar any testimony of the underlying criminal case and its dismissal; (8) bar evidence that the defendant officers may be indemnified against a judgment in this action; and (9) bar the plaintiff from claiming that the police officers arrested him to violate his parole.

The plaintiff does not oppose motion numbers (1), and (2). Therefore, they are granted.

The defendants' motion number (3) seeks to exclude reference to an internal investigation conducted in this case because it is irrelevant and because the prejudicial effect substantially outweighs its probative value. The plaintiff states he was unaware that an internal investigation had been conducted and, in light of his document request seeking the names of any persons that conducted an investigation and all documents related to any investigation, asks that such documents be produced. In their reply, the defendants state that they also had no information regarding an investigation, and that the motion had been filed as a precautionary measure. The defendants then state that the issue appears to be moot. Accordingly, the motion is denied as moot.

In the defendants' motion in limine number (4), they ask that any *Monell*-related evidence be excluded because no claim against the City is pending. The plaintiff stated it had no objection to the motion but in a footnote indicated that he intends to introduce evidence regarding Police Department General or Special Orders. However, given that no *Monell* claim is pending, the Chicago Police Department's General orders are irrelevant as to whether the plaintiff was falsely arrested. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) ("In other words, the violation of police regulations or even a state law is completely

immaterial as to the question of whether a violation of the federal constitution has been established."). Accordingly, all *Monell*-related evidence will be excluded including the Chicago Police Department General or Special Orders.

In their motion in limine number (5), the defendants seek to bar the plaintiff from referring to or presenting evidence regarding a "blue wall" or "code of silence" within the Chicago Police Department. The plaintiff does not object to the exclusion of generalized evidence of a code of silence but asks that it be allowed to introduce evidence of a code of silence with respect to the defendants and events in this case. The court agrees that the plaintiffs are entitled to "'develop the theme that a code of silence existed among *these particular officers in this particular incident.*'" *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 819 (N.D. Ill. 2010) (*quoting Moore v. City of Chicago*, No. 02 CV 5130, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008)) (emphasis added). Accordingly, the motion in limine is granted in part and denied in part as follows: (1) the plaintiff may not introduce generalized evidence of a "code of silence" but (2) may introduce evidence that the officers involved in the events underlying the complaint adhered to a "code of silence" regarding this alleged violation of the plaintiff's constitutional rights. *Saunders v. City of Chicago*, 320 F.Supp. 2d 735, 740 (N.D. Ill. 2004) ("Defendants' motion to bar testimony that police officers in general or these officers in particular conspire to cover up one another's bad acts through a 'code of silence' is denied as overly broad. The plaintiff may explore the possibility that the defense witnesses in this case are biased because of loyalty to one another.").

The plaintiff contends that he intends to offer testimony at trial regarding his lost wages. The defendants' sixth motion in limine asks the court to bar any evidence regarding the plaintiff's lost wages. The court agrees with the plaintiff that he may offer testimony regarding the purported lost wages. Any lack of documentary evidence may be raised by the defendants on cross-examination. To the extent that the defendants seek to exclude evidence of the plaintiff's alleged damages under Rule 37(c)(1) for failure to disclose, the argument is forfeited for failure to provide any substantive discussion or citation to authority. If the plaintiff attempts to introduce at trial any documentary evidence that was not previously produced, the defendants may make an appropriate objection at that time. The defendants' motion in limine number (6) is denied.

In their motion in limine number (7), the defendants seek to bar any evidence of the underlying criminal case and its dismissal. According to the defendants, this evidence is irrelevant to the plaintiff's false arrest claim as the only inquiry is whether the defendants had probable cause at the time of the arrest to believe that an offense had been committed. This is true. Nevertheless, given the nature of the claim, false arrest, the jury will know that the plaintiff had been arrested. In order to prevent the jury from unfairly speculating that he was found guilty of the underlying charge, the fact that the charge was dismissed should be disclosed. *See, e.g., Fox-Martin v. County of Cook*, No. 09 C 1690, 2010 WL 4136174, at *7 (N.D. Ill. Oct. 18, 2010), and cases cited therein. The plaintiff notes that the relevant portion of Seventh Circuit Pattern Jury Instruction 7.06 can be revised and given to the jury to prevent it from coming to any unfair or incorrect conclusions regarding the legal implications of the dismissal of the charges. Specifically, the pertinent part of jury instruction 7.06 states that "[t]he fact that Plaintiff was later acquitted of [offense in case] does not by itself mean that there was no probable cause at the time of his arrest." The court disagrees with defendants' argument that this part of the instruction is only to be used if a dismissal is introduced because of its relevance to other causes of action. Neither the instruction nor the cited authority support that conclusion. The parties shall jointly draft a limiting instruction to present to the court on the first day of trial which instructs the jury that the dismissal of the charge does not mean, in and of itself, that there was no probable cause to arrest the plaintiff.

**STATEMENT**

    The eighth motion in limine asks the court to exclude any evidence that the officers may be indemnified against a judgment in this action. The plaintiff does not oppose the request and indicates he does not intend to raise the issue unless the defendants open the door by arguing that they do not have the ability to pay damages. The court agrees that the issue of indemnification is irrelevant and should not be raised to the jury; however, if the defendants introduce the issue by asserting their inability to pay damages, the plaintiff may then introduce evidence of indemnity with respect to any compensatory damages award. *See Christmas*, 691 F. Supp. 2d at 818. Accordingly, the motion is granted with the qualification stated herein. The plaintiff also does not oppose the defendants' request that he not refer to defense counsel as "corporation counsel" or the "City's attorneys". Therefore, that aspect of the defendants' eighth motion in limine is granted. Finally, the defendants also ask that the City of Chicago be removed from the caption. The City was eliminated as a defendant upon the filing of the plaintiff's fourth amended complaint and shows as "terminated" on CM/ECF. Accordingly, because the City has already been terminated, this aspect of the motion is denied as moot.

    In their final motion in limine, number (9), the defendants seek to bar the plaintiff from claiming that the defendants arrested him to violate his parole because the officers' subjective motivations are irrelevant to the probable cause inquiry. However, as the plaintiff notes, the officers' personal motivations may be relevant to the punitive damages determination. *See* Seventh Circuit Pattern Jury Instruction 7.24. As requested, the defendants may submit at the appropriate time a proposed jury instruction that admonishes the jury that the defendants' state is mind is not relevant to liability for the false arrest claim. Accordingly, the motion is denied.